IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
3:34 pm, 9/18/24
U.S. Magistrate Judge

| | |
|---|---|
| **Four B Properties LLC and Ranch 10 LLC**<br><br>　　　　Plaintiffs,<br><br>　vs.<br>**The Nature Conservancy**<br><br>　　　　Defendant. | Case Number: L:24-cv-00006-SWS |

### ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT [ECF 38]

This matter is before the Court on Plaintiffs' Four B Properties LLC and Ranch 10 LLC (hereinafter "Four B Properties") Motion for Leave to file a *Second Amended Complaint*. After carefully considering the Motion, Defendant The Nature Conservancy's ("TNC") Opposition, and Plaintiffs' Reply, and being otherwise fully advised in the premises, the Court FINDS the forthcoming:

### BACKGROUND

This case centers on what buildings Four B Properties can construct on their property in accordance with a decades-old conservation easement. Four B Properties filed suit on January 8, 2024, and alleged two counts of promissory estoppel against TNC. Four B Properties contend that TNC made various representations on various occasions regarding the types of buildings and structures Four B Properties could erect on property in Teton County, Wyoming in compliance with a 1995 Conservation Easement and its subsequent amendments. ECF 2. Four B Properties

claim that they detrimentally relied on those representations and suffered economic harm as a result. *Id*.

TNC filed a Fed. R. Civ. P. 12(b)(6) motion prior to an answer.  ECF 17.  After briefing by both parties, on May 24, 2024, the District Court issued an order granting in part and denying in part the motion.  ECF 21.  The Court dismissed Count I of the Complaint, finding that the first claim of promissory estoppel is precluded under *res judicata* because it should have and could have been litigated during the state court litigation.[1]  *Id.* at 11-14.  The Court declined to dismiss the second count of promissory estoppel finding it was not precluded by collateral estoppel and was adequately pled. The Court noted some issues were unclear in the Complaint and noted concerns regarding the factual allegations and timeline.  *Id*. at 8-9 fns.2, 3.

Five weeks after the Order, the Court held an Initial Pretrial Conference and set, among others, the following dates: Amendments to Pleadings deadline, August 30, 2024; Fact Discovery cutoff, November 7, 2024; and Expert Discovery cutoff of January 15, 2025.  *See* ECF 29.  On July 8, 2024, Plaintiffs filed a Motion to Amend/Correct Complaint, ECF 30, which the Court granted.  ECF 33.  On August 15, 2024, three days after the Court's ruling, Four B Properties filed their Amended Complaint.  ECF 34.  Then on August 22, 2024, Four B Properties filed *another* Motion to Amend/Correct the Complaint.  ECF 38.  This is the motion at issue.

In this latest Motion, Four B Properties seeks to "add a plaintiff and clarify certain details in connection with the past and current ownership of the properties to which the remaining Count II relates, and to avoid any issues regarding the proof of damages."  ECF 38 at 2.  TNC filed in opposition of the Motion and raised the defenses of undue delay and dilatory motive, undue

---

[1] *See Four B Properties, LLC v. The Nature Conservancy*, 2020 WY 24, 458 P.3d 832 (Wyo. 2020).

prejudice, and cite concerns regarding the relitigating of issues settled under *res judicata*. *See* ECF 42. Plaintiffs timely replied. ECF 47.

## LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure generally governs amendments to pleadings. *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). As a matter of course, a party may amend its pleading once within twenty-one days of service or twenty-one days after service of a responsive pleading or service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1). After this time has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend shall be freely given when justice so requires, and that decision is within the discretion of the trial court. Fed. R. Civ. P. 15(a); *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1584–85 (10th Cir. 1993) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)).

The Tenth Circuit abides by a liberal standard when determining whether leave to amend a pleading should be granted. *See Martinez v. Cornell Corr. of Tex., Inc.*, 229 F.R.D. 236, 238 (D. N.M. 2005) (simplified). This liberal standard reinforces the basic principle that pleadings should enable a claim to be heard on its merits. *See Foman v. Davis*, 371 U.S. 178, 181–82 (1962). A court may, however, deny leave to amend for undue delay, bad faith or dilatory motive by the movant, repeated failure to cure deficiencies in previously permitted amendments, undue prejudice to the non-movant due to the amendment, or futility. *See Id*. at 182. The non-moving party must show "that the proposed amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice." *Johnson v. Clark*, No. 16-CV-225-S, 2018 WL 11475893 (D.Wyo. July 19, 2018) (simplified).

3

## ANALYSIS

Four B Properties claim that the amendment adds a plaintiff about whom TNC has previously sought discovery; adds clarity to details relating to the past and current ownership of the properties at issue; and avoids any issues concerning proof of damages. ECF 38. TNC raises undue delay and dilatory motive, undue prejudice, and concerns regarding relitigating issues settled under *res judicata* in opposition to Four B Properties' motion. *See* ECF 42. Plaintiffs represent that it will not reassert the claim precluded by *res judicata*. ECF 47.

### A. Undue Delay and Dilatory Motive

It is well-established in this Circuit that undue delay and dilatory motive are valid reasons, together and alone, for denying a motion to amend. *See e.g.*, *Foman*, 371 U.S. at 182; *Spreitzer v. Deutsche Nat'l Trust Co.*, 610 Fed. Appx. 737, 741 (10th Cir. 2015); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205–06 (10th Cir. 2006); *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993); *Castleglen, Inc.,* 984 F.2d at 1585. Yet, delay alone does not justify denying the motion. *See Minter*, 451 F.3d at 1205. Delay becomes undue when it places "an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party." *Id. citing USX Corp. v. Barnhart*, 395 F.3d 161, 167 (3d Cir. 2004) (simplified). Courts in the Tenth Circuit look to the moving party's explanation of the delay to determine whether it rises to undue delay. *Id*. at 1206. As stated above, the burden lies with the non-moving party to show that the moving party's explanation is insufficient and constitutes undue delay. *See Corp. Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F.Supp.2d 1056, 1061 (D.Colo. 2009); *see also Sithon Maritime Co. v. Holiday Mansion*, 117 F.R.D. 504, 508 (D.Kan. 1998) (simplified).

Four B Properties assert there was no undue delay or dilatory motive because Plaintiffs filed the motion within this Court's deadline to Amend the Pleadings and well-before the discovery cutoff date. ECF 47 at 2.  TNC argues that the Court should deny this Motion because Plaintiffs have known since the outset of this case the "composition of" and "record ownership of" Mr. Binning's entities and properties.  ECF 42 at 5.  And because Plaintiffs knew this prior to filing the suit, it provides grounds for denial based on undue delay and dilatory motive. *Id*.

Neither party used substantial case law to support its claims.  Notwithstanding that fact, the Court agrees with Four B Properties and finds no undue delay or dilatory motive.  The facts in *Techy v. Arete Surgical Ctrs., LLC*, No. 22-cv-02143-DDD-KLM, 2023 U.S. Dist. LEXIS 232085 (D. Colo. May 18, 2023) ("*Techy*"), are analogous to the instant action.  In *Techy*, the plaintiff sought to add allegations and make corrections to his complaint before the deadline to amend the pleadings elapsed. *Id*. at *1-*2.  The defendants raised the defenses of undue delay and dilatory motive, among others. *Id.* at *4.  There, the court noted that the defendants cited "no legal authority in support of their Rule 15(a) argument[,]" and proceeded to explain that amendments that unfairly "affect the defendants 'in terms of preparing their defense to the amendment'" will rise to undue prejudice.  *Id*. at *5 *citing Minter*, 451 F.3d at 1208 (simplified).  The court found that the defendants would not be prejudiced by the amendment because the allegations arise out the same subject matter as the original complaint, it was still early in the lawsuit, and the plaintiff filed the motion within the court-made deadline without any extension of the original deadline." *Id*. at *6.  Thus, no delay was undue "or that waiting until the deadline evidenced bad faith or dilatory motive." *Id*.

Here, like in *Techy*, there is no threat that TNC will be affected "in terms of preparing their defense to the amendment," and accordingly any delay by Plaintiffs to amend its complaint does not constitute undue. *Id*. In fact, TNC previously sought discovery regarding the newly added parties. ECF 38 at 6; ECF 42 at 9. This fact further supports the finding that any delay in adding a plaintiff presents minimal risk that Defendant would be affected. TNC is correct that likely Plaintiffs were "[]aware of how title to" the properties at issue were owned at the time of filing of the claim and certainly should have included the proper parties and information. ECF 42 at 7. But by adding the new parties and the ownership clarification amendment, Plaintiffs did not add "any new facts regarding the substances" of the remaining promissory estoppel claim. *Id*. (emphasis omitted). Moreover, as Defendant points out, Plaintiffs filed this Motion prior to the Court's deadline. ECF 42 at 7. "Simply because Defendant may have wanted Plaintiff to seek amendment sooner does not mean that Plaintiff had dilatory motive in doing so." *Techy*, 2023 U.S. Dist. LEXIS 232085 at *6-*7.

In short, there is no evidence of undue delay nor dilatory motive.

### B. <u>Undue Prejudice</u>

Next, TNC contends that if Four B Properties are allowed to amend their complaint it will necessitate re-briefing of the precluded Count I and thereby require more discovery with seven weeks remaining until the Fact Discovery deadline. ECF 42 at 9-10. In their Reply, Four B reiterates "that they do not seek to reassert the dismissed Count I." ECF 47 at 2.

When ruling on a motion to amend, whether the non-movant will be prejudiced is the key factor. *See Zenith Radio Corp*., 401 U.S. at 330-31. "Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (simplified). The party opposing the

amendment has the burden of demonstrating undue prejudice within the meaning of Rule 15, and "[w]hile any amendment invariably causes some practical prejudice, undue prejudice means that the amendment would work an injustice to the defendants." *Koehler v. Freightquote.com, Inc.*, No. 12-2505-KHV-GLR, 2013 WL 3878170, at *3 (D. Kan. July 26, 2013) (simplified).

The parties, again, neglect to use substantial case law to support their respective positions. Both parties, however, cite to *Johnson v. Clark*, 2018 WL 11475893. In that case, the plaintiff timely filed his motion to amend his complaint, but the court denied his motion in the end because the plaintiff attempted to reassert previously dismissed claims. *See Johnson*, 2018 WL 11475893, at *2-*4. Here, Plaintiffs filed their Motion two weeks before the court-made deadline without any extensions of the original date, Plaintiffs represent – and will continue to adhere to those representations – that they are not using this Motion to reassert the precluded Count I claim of promissory estoppel, and the Fact Discovery cutoff is November 7, 2024 – seven weeks from the date of this Order. *See* ECF 47 at 2; ECF 47-2. In its attached exhibit containing the proposed *Second Amended Complaint,* Plaintiffs have deleted and not reasserted the allegations from the dismissed Count 1. ECF 38-1 at 19. Moreover, TNC admits that they have already sought discovery regarding the new parties and point to its First Set of Interrogatories and Requests for Production which it propounded upon Plaintiffs on July 19, 2024. *See* ECF 42-1 at 8.[2]

The Court finds the filing of Plaintiffs' *Second Amended Complaint* would not cause

---

[2] Defendant's Interrogatory No. 1 states, "Describe and explain the purpose and identify all the members and assets of each of the following entities: Four B Properties, LLC, Ranch 10, LLC, JH River Ranch LLC, and JH River Ranch Land Trust."

any undue prejudice. Prejudice is found "only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Velocity Press v. Key Bank, NA*, 570 Fed. Appx. 783, 788 *citing Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (simplified).

In sum, Plaintiffs filed their Motion to Amend prior to the deadline, Defendant admits they have already propounded discovery on Plaintiffs regarding the new parties, and there are still seven weeks before the Fact Discovery deadline on November 7, 2024. Accordingly, the Court finds no prejudice.

### C. Concerns Regarding the Precluded Count I

The Court recognizes TNC's concerns regarding Four B Properties' potential desire to re-litigate the already dismissed Count I. Four B states however, that they have provided adequate assurances to TNC that they will not reassert the dismissed Count I. ECF 47-2.[3]

The bottom line is this: On May 10, 2024, the Honorable Chief Judge Skavdahl dismissed Count I of promissory estoppel. ECF 21. In his Order, the Chief Judge provided a thorough analysis as to how Count I is precluded. *See* ECF 21 at 11-14. Specifically, the Court stated that "because [Count I] was intrinsically related to the issues and subject matter of that earlier [state court] lawsuit, it could have and should have been litigated and decided within the state court action. *Id*. at 14. That finding still controls here. Further, the Court finds, based on the information provided, that the newly added parties would in no way have standing to revive Count I and thus are precluded from attempting to re-raise that claim.

---

[3] Email exchange between opposing counsels with acknowledgment from Defendant's counsel that Plaintiffs have provided them with at least some prior assurances that they will not reassert dismissed Promissory Estoppel claim.

Accordingly, the only remaining claim is Plaintiffs' Count II of promissory estoppel. This case will move forward on that issue alone. "This Court will not provide Plaintiff[s] with an end around the trial court's dismissal of" Count I. *Johnson*, 2018 WL 11475893, at *4.

### D. Four B Properties' and Newly Added Plaintiffs' Corporate Disclosures

The Federal Rules of Civil Procedure require the parties in a diversity case to file a disclosure statement that "must name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party[.]" Fed. R. Civ. P. 7.1(a)(2); 28 U.S.C. § 1332(a). The Court notes TNC's concern regarding the veracity of Four B Properties previously filed disclosure statements. *See* ECFs 4, and 5. The Court shares the same concern that these documents do not accurately reflect the information required by Rule 7.1.

Accordingly, Four B Properties is directed to immediately file amended disclosures. Further, the new plaintiffs are also directed to file Rule 7.1 disclosure statements forthwith. Additionally, the new plaintiffs must comply with the initial disclosure requirements under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26.

## CONCLUSION

In closing, under these facts, Four B Properties' request to amend is timely and will not cause undue prejudice. Moreover, Four B Properties is required to amend its previously filed Rule 7.1 disclosure statements so that it complies with Rule 7.1. Finally, the new plaintiffs must promptly file its Rule 7.1 disclosure statements and conform to the initial disclosure provisions under by Fed. R. Civ. P. 26.

NOW, THEREFORE, IT IS ORDERED Plaintiffs' Motion for Leave to File *Second Amended Complaint* [ECF 38] is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs file a *Second Amended Complaint* within three (3) business days of the filing of this Order.

IT IS FURTHER ORDERED that all Plaintiffs file disclosure statements or amended disclosure statements in conjunction with their *Second Amended Complaint.*

IT IS FURTHER ORDERED that the new plaintiffs provide their initial disclosures within fourteen (14) days of the filing of the *Second Amended Complaint.*

DATED this 18th day of September 2024.

*Stephanie Hambrick*
Stephanie A. Hambrick
U.S. Magistrate Judge